UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OXFORD HEALTH PLANS, INC., § § Plaintiff, § § v. § § SAGEBRUSH SOLUTIONS, L.L.C., § § Defendant. § § | CIVIL ACTION NO. 3:08-CV-2089-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sagebrush Solutions L.L.C.'s ("Sagebrush") Motion for New Trial or to Alter or Amend Judgment [Docket Entry #13]. Having considered the Motion, the Court finds that it should be DENIED.

On April 1, 2009, this Court issued a Memorandum Opinion and Order ("Order") granting the Motion to Confirm Arbitration Award filed by Oxford Health Plans, Inc. ("Oxford"). Sagebrush argues in this Motion that the Order should be "altered or amended to vacate the Arbitration Award" ("Award"). Sagebrush's only ground for amending the Order, and thus for vacating the Award, is that the Court's finding that Sagebrush failed to show that the Award did not take into account payments for works-in-progress was manifest error, because the evidence before the Court proved the contrary.

The Court disagrees with Sagebrush for two reasons. First, the evidence principally relied upon by Sagebrush in opposing the subject Motion was not provided to the Court until Sagebrush filed this Motion. Sagebrush cannot now rely on evidence it did not produce to the Court when originally opposing confirmation of the Award. Sagebrush's claim that a "quick

calculation" of the amounts listed in the calculation of damages "clearly demonstrates" that the Award was improper is therefore without merit, because the Court did not have the "exact amount—to the penny—requested by Sagebrush," upon which it now attempts to rely.

However, even if Sagebrush had submitted to the Court the calculation of damages for consideration with its opposition to Oxford's Motion to Confirm Arbitration Award, the Court would still not have disturbed the Award. The burden to establish grounds for vacating the Award was on Sagebrush, and its bare claim that the arbitrators did not award Sagebrush the full relief it requested, without demonstrating *why* this decision was manifestly erroneous, is insufficient.[1] Plainly put, there was, and is, no evidence before the Court that even raises a suspicion that the arbitrators' decision to deny payments for works-in-progress was manifestly erroneous.[2]

To be specific, despite its claim that no such compensation was allocated by the arbitrators in its favor, Sagebrush did not argue why or how the denial of compensation for works-in-progress was alone sufficient to demonstrate that the award was (1) procured by corruption, fraud, or undue means; or (2) that there was evident partiality or corruption on the

---

[1] The four statutory grounds listed in 9 U.S.C. §10(a) are the exclusive grounds for vacating an arbitration award. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1403 (2008); *Citigroup Global Markets, Inc. v. Bacon*, No. 07-20670 (5th Cir. Mar. 5, 2009).

[2] Sagebrush argues in its reply brief that "[t]o the extent the Court's decision was based on an alleged failure of Sagebrush to submit such evidence [of a specific damage calculation for work-in-progress] to the arbitrators, Sagebrush submits that such decision is based on manifest error in fact and should be corrected by the Court." The Court's Order confirming the Award was not based on Sagebrush's failure to provide evidence to the arbitrators, but rather on Sagebrush's failure to provide evidence to this Court. The Court does not have before it *any* evidence presented to the arbitration panel by Sagebrush in support of its claims for works-in-progress, or any evidence presented by Oxford in opposition to such claims. The Court also does not know the arguments that were made in support of or against such an Award. As a result, the Court has no basis for questioning the arbitrators' decision, beyond Sagebrush's conclusory claim that no such award was made and that under the Agreement such an award would be possible under certain facts. Unless Sagebrush had produced evidence of improper behavior by the arbitrators in evaluating the evidence and arguments before it, satisfying one of the four statutory grounds for vacating an arbitration award provided in 9 U.S.C. §10(a), this Court could not disturb the Award, and will not do so now.

part of the arbitrators; or (3) that the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) that the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

As a result, even if its "calculation of damages" had been submitted to this Court along with Sagebrush's pre-hearing arbitration brief, as part of its opposition to confirmation of the Award, the Court would still have confirmed the Award.  Therefore, Sagebrush's Motion should be, and hereby is, DENIED.

Finally, Oxford seeks to recover the costs, expenses, and attorneys' fees resulting from this Motion from Sagebrush because "Sagebrush bases its claim of manifest error on a document Sagebrush did not previously submit to the Court... and [the Motion] can only be viewed as a vexatious attempt to delay Oxford's collection on the Final Judgment."  While the Court declines to alter or amend the Order, in part, because the document relied upon by Sagebrush is not properly before the Court, the Court does not find that the present Motion is "vexatious" or unreasonable.  In its reply, Sagebrush explained that it sought to clarify that it had in fact alleged a specific amount for works-in-progress *at the arbitration* in this matter, *to the arbitrators*.  Even though the Court did not base its Order on any failure to submit evidence to the arbitrators, but rather on a failure to present evidence of manifest error by the arbitrators to the Court, the Court does not find Sagebrush's position to be unreasonable or vexatious.  Therefore Oxford's request for attorneys' fees and costs is denied.

SO ORDERED this 26th day of May, 2009.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**